## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

PRESTON L. MORSE,

       Petitioner,

       v.                                         Case No. 09-CV-107

UNITED STATES OF AMERICA,

       Respondent.

_____

## ORDER

On July 21, 2008, the court sentenced Preston L. Morse ("Morse") to a term of 120 months in prison after Morse pled guilty to a charge of conspiracy to distribute 50 grams or more of cocaine base, and 5 kilograms or more of cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2. On February 2, 2009, Morse filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Morse has also moved to proceed *in forma pauperis*. The court now reviews Morse's motion pursuant to Rule 4 of the Rules Governing § 2255 Proceedings ("Rule 4").

Under Rule 4, the court must screen Morse's motion to determine whether he is entitled to relief:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file any answer, motion, or other response . . . .

Rule 4, Rules Governing Section 2255 Proceedings. A motion made pursuant to § 2255 must be filed within one year of the date on which the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). According to the record of prior proceedings in Morse's case, his judgment of conviction became final on December 9, 2008, with an order granting the government clear title to forfeited property. Morse did not appeal his conviction. Therefore, Morse's motion appears to be timely.

Habeas relief under § 2255 "is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). A petitioner seeking § 2255 habeas relief must show errors in his conviction or sentence that are "jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (citations omitted). A petitioner may not first present an issue in a § 2255 motion that he failed to raise on direct appeal, unless the petitioner "demonstrates that he is 'actually innocent,' or that there is 'cause' and actual prejudice." *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Moreover, when a petitioner pleads guilty to the charges against him, all "non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked." *Borre*, 940 F.2d at 217 (citations omitted).

In his motion, Morse sets forth three grounds for relief: (1) that federal jurisdiction was extended beyond the limits permitted under the United States Constitution when federal criminal charges were brought against Morse; (2) that the United States Attorney wrongfully used "evidence of 'state' drug crimes" in seeking an indictment against Morse; and (3) that the court lacked jurisdiction over Morse's case. Morse also claims that he did not raise these issues on appeal because of ineffective assistance of counsel.

From the outset, the court is not convinced that the three grounds Morse asserts, standing alone, constitute redressable claims under § 2255. However, the court need not explore the potential merits of these grounds, because Morse has procedurally defaulted on his right to assert them. Specifically, Morse never appealed his conviction directly. While a habeas petitioner may overcome a procedural default by showing ineffective assistance of counsel, the petitioner must show that the "ineffectiveness itself constitutes an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 447 (2000). In his motion, Morse does not allege any facts whatsoever to support a claim that his counsel's performance fell below reasonable professional norms, and that he suffered prejudice as a result of counsel's performance. *See Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). As a result, the court finds that Morse's motion does not demonstrate that he is entitled to relief.

Not only has Morse procedurally defaulted on the grounds he asserts, he also appears to have explicitly waived his right to assert them in a § 2255 motion. In his plea agreement, Morse agreed to the following:

> 35. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel.

(Am. Plea Agreement, April 24, 2008 ¶ 35, No. 06-CR-278, Docket #466). Since Morse does not challenge the validity of his plea agreement, the court is obliged to hold him to the terms contained therein. Because it plainly appears that Morse is not entitled to the relief he seeks, the court will dismiss Morse's case without prejudice. Having found that Morse is not entitled to relief, the court will deny Morse's motion to proceed *in forma pauperis* as moot.

Accordingly,

**IT IS ORDERED** that petitioner's motion to vacate, set aside or correct sentence (Docket #1) be and the same is hereby **DENIED** without prejudice;

**IT IS FURTHER ORDERED** that petitioner's motion to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of March, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge