# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

PRESTON L. MORSE,

                Petitioner,

     v.                                         Case No.  09-CV-107

UNITED STATES OF AMERICA,

                Respondent.

_____

## ORDER

On March 27, 2009, the court denied Preston L. Morse's ("Morse") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket #5). Based on the record in his federal criminal case, the court found that Morse had both defaulted on his claims, and explicitly waived his right to bring a § 2255 motion in his plea agreement. On April 9, 2009, Morse moved for the court to reconsider its order denying his § 2255 motion, arguing that his motion raised matters outside of the court's record which call into question the court's subject matter jurisdiction. (Docket #7).

On May 21, 2009, Morse filed a notice of appeal of the court's order denying his § 2255 motion. (Docket #10).  Although normally a notice of appeal filing strips the district court of its jurisdiction over the case being appealed, it does not deprive the court the power to dispose of Morse's reconsideration motion.  Under Rule 4(a)(4) of the Federal Rules of Appellate Procedure, the 30 day window to file an appeal runs from the entry of the district court's order disposing of a motion for

reconsideration. When a party files a notice of appeal after judgment is entered in the case, but before the district court disposes of any timely motion for reconsideration, the notice of appeal becomes effective when the district court disposes of the post-judgment motion. Fed. R. App. P. 4(a)(4)(B)(I). Therefore, Morse's previously filed notice of appeal is ineffective until the court disposes of his motion for reconsideration. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177 (1989) (holding Rule 4 of Federal Rules of Appellate Procedure "renders ineffective any notice of appeal filed which a Rule 59(e) motion is pending . . .").

Because Morse's reconsideration motion claims the court made an error of law by denying his § 2255 motion prematurely, the court construes the motion as one made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (comparing motions for reconsideration made pursuant to Rule 59(e) with those made under Rule 60(b)). To prevail on a Rule 59(e) motion, the movant must demonstrate that the court made a manifest error of law or fact, or must present some newly discovered evidence. *See Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007). Morse has not made such a showing here. Nor has he presented any newly discovered evidence. Morse essentially rehashes the same arguments he made in his original motion. The court finds no reason to reconsider its previous order today.

Accordingly,

-2-

**IT IS ORDERED** that petitioner's motion for reconsideration (Docket #7) be and the same is hereby **DENIED**;

Dated at Milwaukee, Wisconsin, this 12th day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge