# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

PRESTON L. MORSE,

        Petitioner,

v.                                                   Case No. 09-CV-107

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

On March 27, 2009, the court denied Preston L. Morse's ("Morse") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket #5). On April 9, 2009, Morse moved for the court to reconsider the denial of his § 2255 motion, which the court denied on June 12, 2009. (Docket #14).

On May 21, 2009, Morse filed a notice of appeal of the court's order denying his § 2255 motion, but did not apply for a certificate of appealability with the district court. (Docket #10). However, on August 10, 2009, Morse filed a document entitled "Motion to Compel Final Adjudication (Certificate of Appealability)," which the court liberally construes as a motion seeking a certificate of appealability.

The court may not issue a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has interpreted this requirement to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed,

*Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but a petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id.* at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the court determines that a petitioner has made a substantial showing of the denial of a constitutional right, the court will identify the specific issues which satisfy the showing. 28 U.S.C. § 2253(c)(3).

In support of his motion, Morse correctly states that a certificate of appealability is required before the court of appeals will consider the merits of his case. However, Morse has not provided the court with any grounds for his appeal, constitutional or otherwise. Moreover, in dismissing Morse's original motion, the court found that Morse had procedurally defaulted on all claims asserted, and that Morse had agreed in his plea agreement to waive any right to bring such a motion in the first place. In short, Morse has failed to show any denial of a constitutional right.

Accordingly,

**IT IS ORDERED** that petitioner's motion to compel final adjudication (Docket #16) , which the court construes as a motion for a certificate of appealability, be and the same is hereby **DENIED**;

Dated at Milwaukee, Wisconsin, this 31st day of August, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge